

Mika Hilaire
(T)(F) 310.526.7229
mika@equalrightslawgroup.com

1900 Avenue of the Stars, Ste 900,
Los Angeles, CA 90067
www.equalrightslawgroup.com

July 10, 2023

**VIA ECF AND EMAIL**

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
Failla_nysdchambers@nysd.uscourts.gov



*Re: Cunningham and Davis. Paramount Global, 22-cv-05917*

Dear Judge Failla:

We, as Plaintiffs' counsel in the above-referenced action, write to you in response to Defendant Paramount Global's July 5, 2023 letter regarding outstanding discovery requests.

On July 7, 2023, Plaintiffs served an additional 27 pages of documents to Defendant. See attached hereto as **Exhibit A**. These documents were inadvertently not included in Plaintiffs' July 3, 2023 production.

The documents in the July 7, 2023 production fully comply with Defendant's requests and eliminate the need for any intervention by the Court. Plaintiffs produced the following: the current resume for Plaintiff Davis, documents concerning Plaintiff Cunningham's applications to, and emails with, employers/recruiters, and documentation concerning the revenue of BE Commerce. In an email to Defendant, Plaintiffs supplied the email address of Plaintiff Cunningham's treating physician, Andrew Michaels. See attached hereto as **Exhibit A**.

In that same email, Plaintiffs also clarified that text messages between the Plaintiffs that predate the retention of counsel do not exist. Plaintiffs also confirmed that they do not have any text messages to others regarding the allegations in the Complaint. See attached hereto as **Exhibit A**.

Plaintiffs do not have any text messages between them concerning the allegations in the Complaint following their retention of counsel. Regardless, communications between Plaintiffs following the retention of counsel are protected by

{HM00045736 }

1

the common interest privilege. "There are two elements of the common interest rule: (1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared and (2) the statements for which protection is sought were designed to further that interest." *Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc.*, 215 F.R.D. 466, 471 (S.D.N.Y. 2003). Messages between Plaintiffs comply with these elements as texts between Plaintiffs were concerning this litigation, including discussions about witnesses, strategy, further steps, etc. Plaintiffs' communications are therefore protected by the common interest privilege.

As such, Plaintiffs have fully complied with Defendant's Requests.

Respectfully submitted,

*Mika Hilaire*

Mika Hilaire, Esq.
Attorney at Law

```
The Court is in receipt of Defendant's letter filed July 5, 2023 (Dkt.
#38), and Plaintiffs' above response regarding the most recent
discovery dispute in this matter.  The Court understands from
Plaintiffs' submission that all discovery issues have been resolved
since Defendant's filing of its initial letter on July 5.  As such,
Defendant's request for the Court's order requiring Plaintiffs'
production of certain outstanding documents is denied as moot.
Further, the Court need not decide the issue of common interest as
Plaintiffs have represented that there exist no text messages between
themselves, either prior to or following their retention of counsel.

To the extent the parties have additional disputes, they are encouraged
to attempt to resolve them without Court intervention prior to filing
letters on the docket.

The Clerk of Court is directed to terminate the pending motion at
docket number 38.

Dated:    July 11, 2023             SO ORDERED.
          New York, New York
```

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE